IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE W. KOENIG, #288937         *
        Plaintiff,
   v.                             * CIVIL ACTION NO. JFM-12-1088

GARY MAYNARD, *et al*.         *
        Defendants.
                                *****

MEMORANDUM

On April 5, 2012, this 42 U.S.C. § 1983 complaint for injunctive relief and damages was filed by plaintiff, who is confined at the North Branch Correctional Institution ("NBCI"). He alleges that he was denied meaningful access to the courts; received threats, harassment, and coercion related to his filing of administrative remedy procedure ("ARP") grievances; denied access to preferred jobs; and publicly ridiculed by prison officials for his filing of ARPs. ECF No. 1. Plaintiff further claims ARPs filed by NCBI inmates are rarely investigated. He specifically complains that prison administrators do not respond to his ARPs and primarily "spin the inmate" to truncate or lengthen the ARP process. *Id*.

All named defendants, with the exception of defendants K. Hill-Peay and "Unknown Employees and Former Employees," have been served and have filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 22. Although afforded several extensions of time, plaintiff has not filed a response. *See* ECF Nos. 25-30. The complaint is ready for consideration and the motion may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2011).

Because matters outside the pleadings will be considered, defendants' motion shall be treated as a motion for summary judgment. Summary judgment is governed by Fed. R. Civ. P.

56(a), which provides that "[T]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*t, 477 U.S. 317, 323–24 (1986)).

In *Anderson,* 477 U.S. at 249, the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he

thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp.*, 477 U.S. at 322–23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

According to the unopposed record, plaintiff was assigned to Maryland Division of Correction custody in November of 1999. ECF No. 22, Ex. 1. He was transferred to NBCI in January of 2008. He is currently housed on general population.[1] *Id.* Warden Shearin affirms that to his knowledge there has been no abuse, neglect, or retaliation by NBCI staff against plaintiff. *Id.*, Ex. 8, Shearin Decl. Defendant Hoover affirms that he has not threatened or harassed plaintiff at any time. *Id.*, Ex. 9, Hoover Decl. Marcy Legge, the Acting Officer Supervisor of the NBCI mailroom, affirms that to her knowledge, plaintiff's mail was not withheld, delayed, or left unprocessed. *Id.*, Ex. 10, Legge Decl.

Defendants allege that while confined at NBCI plaintiff has filed 98 ARP grievances and affirm that none was withheld, delayed or not processed. *Id.*, Exs. 12 & 13. They assert that plaintiff's ARPs were investigated and either withdrawn, found to be repetitive or without merit,

---

[1] Defendants note that plaintiff has been cited with infractions at NBCI. In April 2009, he was cited and found guilty of a Rule 402 violation (being out of bounds) and was sanctioned with 15 days of segregation. ECF No. 22, Ex. 3. In November of 2011, he was cited with and found guilty of a Rule 116 violation (misuse or tampering with security equipment) and sanctioned with 60 days segregation. *Id.*, Ex. 4. Further, in July of 2012, he was charged with and found guilty of Rule 105 and 406 violations (escape and possession of contraband) and sanctioned with 90 days segregation. Id., Ex. 6 In March of 2012, he was assigned to administrative segregation. *Id.*, Ex. 5.

or deemed meritorious. *Id*. Exs. 14-24.

Defendants argue that plaintiff has failed to establish that his mail is being mishandled at NBCI or that any of his legal mail was related to an underlying conviction or to the conditions of his confinement.[2] Further, they allege he has shown no harm (denial of access to the courts) from his alleged denial of ARP process under both the First and Fourteenth Amendments. *See Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."); *see also Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) ("The right of access to the courts… is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.").

A prisoner wishing to demonstrate a Fourteenth Amendment burden on his right of access to the courts "must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis v. Casey*, 518 U. S. 343, 355 (1996). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. There has been no allegation that a deadline was missed, or that Plaintiff was unable to pursue a meritorious claim in his litigation by the alleged mishandling of his ARPs.

Defendants argue that plaintiff's assertions regarding the tampering with or non-

---

[2] Defendants assert that to the extent that plaintiff is raising a medical claim he has failed to show he is being denied constitutionally adequate medical care or that the named defendants have had any personal involvement in his medical care. ECF No. 22, Exs. 12-13, 15, 19, 20, and 23-24. The court agrees.

4

processing of his ARPs is belied by the record, which shows that he submitted numerous (98) grievances while confined at NBCI. Further, it remains unrefuted that his grievances were all processed by prison staff.

In addition, plaintiff has no constitutional right to a prison job. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court sought to focus attention on the nature of the deprivation, stating that a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U. S. at 484. Following the reasoning of the Supreme Court in *Sandin*, it appears that an inmate has no liberty interest in being assigned to a specific job or in being housed at a particular prison.³ *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313 (2d Cir. 1996) (per curiam); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Paoli v. Lally*, 812 F.2d 1489, 1492-93 (4th Cir. 1987). Plaintiff's failure to gain a "preferred" workforce assignment is not an atypical event in the ordinary day-to-day incidents of prison life and cannot be said to have imposed a significant hardship on him. Simply put, Plaintiff does not have a general due process right to obtain a particular job.⁴

---

³ Prior to *Sandin*, this Circuit held that inmates did not have a constitutionally protected right to an institutional job or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir. 1977); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992).

⁴ Likewise, plaintiff's claims that he was subject to threats, retaliation, and harassment are not actionable because they have been raised in a conclusory manner or are not colorable under § 1983. *See American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 784-86 (4th Cir. 1993). The inmate alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision...." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)); *see also Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state

Summary judgment shall be granted. A separate order effecting the rulings made in this opinion is entered herewith.[5]


Date:   August 6, 2013              ____/s/_____
                                    J. Frederick Motz
                                    United States District Judge

---

claim). In any event, mere verbal threats are not actionable under § 1983. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983.")

[5] In light of this decision, the complaint against defendant K. Hill-Peay and "Unknown Employees and Former Employees" shall be dismissed.